FILED

JUN - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLACIER BAY CRUISELINE<br>2101 Fourth Avenue<br>Suite 2200<br>Seattle, WA 98121<br><br>    Plaintiff,<br><br>    v.<br><br>GALE NORTON, SECRETARY OF THE<br>INTERIOR<br>1849 C Street, N.W.<br>Room 6151<br>Washington, D.C. 20240, and<br><br>FRAN MAINELLA, DIRECTOR OF THE<br>NATIONAL PARK SERVICE<br>1849 C Street, NW<br>Room 3104<br>Washington, D.C. 20240,<br><br>    Defendants. | Case No.<br><br>CASE NUMBER   1:05CV01131<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: Administrative Agency Review<br><br>DATE STAMP: 06//2005 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Glacier Bay Cruiseline by and through its counsel alleges for its Complaint as follows:

### I. INTRODUCTION

1. Plaintiff, Glacier Bay Cruiseline ("GBCL"), provides high quality and unique tour vessel services into Alaska's Glacier Bay, which lies within Glacier Bay National Park and Preserve, and presently holds a National Park Service ("NPS") concessions contract authorizing 92 annual vessel entries into the Bay. NPS has acted to reduce drastically the number of GBCL's permitted entries to only nine annually starting in the 2006 season.

This unjustified and draconian 90 percent reduction is based on an agency process that: (a) illegally elevates "fee bidding" to a "Principal Selection Factor"; (b) wrongly penalizes GBCL for operating errors committed by others; and (c) arbitrarily fails to recognize GBCL's responsive compliance with the NPS concessions Prospectus, offer, and evaluation process. Accordingly the agency process and tour vessel entry allocation decision was not in accordance with the law and was otherwise made in violation of the National Park Service Concessions Management Improvement Act of 1998, agency regulations, and the Administrative Procedure Act.

## II. JURISDICTION AND VENUE

2. This action arises under the National Park Service Concessions Management Improvement Act of 1998 (16 U.S.C. §§ 5951 - 66) and the Administrative Procedure Act (5 U.S.C. §§ 701 - 706). This Court has jurisdiction under 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff, GBCL, is a Washington corporation with the office in Seattle, WA. GBCL provides unique tour vessel services into Glacier Bay pursuant to a concessions contract and vessel entry permits issued by NPS.

4. Defendant Gale A. Norton is Secretary of the Interior and, as such, is responsible for the administration of national parks, including Glacier Bay National Park and Preserve in Alaska.

5. Defendant Fran Mainella is Director of the NPS, the agency directly responsible for administering national parks, including Glacier Bay National Park and Preserve in Alaska.

## IV. THE REGULATORY SCHEME

6. To protect humpback whales and their habitat within Glacier Bay, the Secretary of the Interior has promulgated regulations controlling the number of vessels that can enter and operate within Glacier Bay. 36 C.F.R. § 13.65 (b). Under these regulations all vessels are separated into four categories: cruise vessels, tour vessels, charter vessels, and private vessels. Id.

7. Tour vessels are "any motor vessel of less than 100 tons gross (U.S. System) or 2,000 tons (ITC or International Convention System) engaged in transport of passengers for hire and rated to carry more than 12 passengers overnight or more than 49 passengers for daytime use." Prospectus at 1. (Attachment 1). The number of tour vessels entering the Bay during the whale season (June 1 through August 31) is limited to 3 entries per day (276 entries per season). 36 C.F.R. § 13.65 (b) (2) (v). NPS allocates these entry permits among qualified commercial motor vessels and tour vessel operator may not enter the Bay area without an entry permit. Id. § 13.65 (b) (2).

8. Tour vessel use in Glacier Bay is limited to operators holding concession contracts. Prospectus at 6 (Attachment. 1). The agency is authorized to contract with private businesses, or concessioners, to provide "accommodation, facilities, and services to visitors to units of the National Park System." 16 U.S.C. § 5952. Concession contracts are awarded by the Secretary to the "corporation or other entity" that submits the best

3

proposal as determined by the Secretary through a competitive process. 16 U.S.C. § 5952 (1). The agency is statutorily directed to consider the following primary factors during the selection process:

> (a) Responsiveness of the proposal to the objective of protecting and conserving the environment as well as providing services to the public at a reasonable fee;
>
> (b) Experience and related background of the corporation or entity submitting the proposal; and
>
> (c) Financial capability of the corporation or entity submitting the proposal.

16 U.S.C. § 5952 (5) (A).

9. NPS may also consider as a *"subordinate"* factor the amount of the franchise fee to be paid by a concession contract holder. See 16 U.S.C. § 5952 (5) (A) (emphasis added).

## V.     **STATEMENT OF FACTS**

10. GBCL and its predecessor have been providing high quality tour vessel services into Glacier Bay for over a decade. Originally, the company operated as Glacier Bay Park Concessions, Inc. One year ago, its interest, including its NPS concessions contract and 92 annual tour vessel entries were transferred to BB Acquisition, LLC d/b/a Glacier Bay Cruiseline.

11. On May 31, 2004, the NPS approved the transfer of the concessions contract and of all 92 entry allocations to GBCL upon determining that it was a fully qualified entity that satisfied all applicable NPS requirements.

12. GBCL presently holds 92 entry allocations and provides unique tour vessel services into Glacier Bay with a focus on adventure based tours. GBCL takes visitors off of the larger vessels and into kayaks and Zodiacs and onto the shore in the company of Certified Interpretive Guides. These Certified Interpretive Guides ensure that visitors are afforded quality on-the-ground opportunities to learn about Tlingit history and culture as well as post-glacial succession and ecology in the Bay.

13. On September 19, 2004, NPS issued a Prospectus for Glacier Bay tour vessel services to allocate 184 annual tour vessel use days over a 10-year period (2006 - 2015). See Prospectus at 6 (Attachment 1). Responsive offers were due by November 12, 2004.

14. In response to the September 2004 Prospectus, GBCL submitted a timely and responsive offer on November 8, 2004.

15. On March 21, 2005 NPS personnel notified GBCL that its offer in response to the Prospectus was rated lowest among six offers. As a result of this low rating, GBCL would receive only nine entries annually starting in 2006, as compared to the 92 entries that were available to it annually from 1995 through 2005.

16. Other and newer offerors had their 2006 - 2015 allocations increased by any number of entries ranging from 4 to 39. GBCL was the only concessioner that had its entries decreased.

## VI. ACTIONS SUBJECT TO REVIEW

17. Based upon information and belief, GBCL submits that NPS improperly evaluated GBCL's offer in response to the Prospectus in violation of the National Park

5

Service Concessions Management Improvement Act of 1998 and the Administrative Procedure Act when the agency:

  (a) Illegally designated the statutorily "subordinate" franchise fee criterion as a "Primary Selection Factor";

  (b) Incorrectly penalized GBCL for faults and errors of other entities; and

  (c) Overlooked the objectives of its own Prospectus by failing to recognize the unique nature of services provided by GBCL

18. The NPS Prospectus is illegal as it violates the National Park Service Concessions Management Improvement Act of 1998. Congress prescribed that the amount of franchise fees offered to be paid would be a *subordinate* (secondary) factor in the award or issuance of concession contracts and permits. See 16 U.S.C. § 5952 (5) (A) (emphasis added). Primary consideration is to be given to "protecting and preserving park areas" and providing visitor services at "reasonable rates". Id. In derogation of the 1998 Act, NPS established the amount of franchise fee as a "Principal Selection Factor" in the 2004 Prospectus. Prospectus at 19 (Attachment 1).

19. On information and belief, NPS also arbitrarily, capriciously and erroneously attributed to GBCL a number of operating violations committed by other entities, which resulted in a substantially lower evaluation of GBCL's offer and contributed directly to the dramatic reduction in its entry permits.

20. In 2004, GBCL chartered with TMT, Inc. for the use of the vessel *Aqua Express* for entry in Glacier Bay. NPS was notified regarding this entry and concurred. TMT *unilaterally* substituted this vessel for *American Eagle* without giving prior notice to GBCL or NPS. On September 14, 2004, this unauthorized vessel entered the Bay under

control of TMT, Inc. personnel bypassing GBCL and NPS personnel who were waiting to board the vessel and pilot it into Glacier Bay.

21. NPS wrongly penalized GBCL for ostensible failure to pay 2004 fees in a timely manner. The bills for those fees were to be paid in March, 2004. However, at that time, NPS had not yet approved the transfer of the concessions contract and the tour vessel entries to GBCL, thus, GBCL was not responsible for such payments until it became a NPS contract holder on May 31, 2004. When GBCL's transfer was approved, it learned that the fee bill was not yet paid and took all steps to ensure that prompt payment was tendered in full to NPS. The agency received payment on June 28, 2004 and 2005 fees were timely paid in full.

22. NPS wrongfully penalized GBCL for apparent health violations committed by its predecessor. The prior contract holder had, in fact, received a food inspection citation in June, 2003. At that time, GBCL had not acquired the business from the predecessor, had not yet had its transfer approved by NPS, and was not operating the tour vessels.

23. In considering GBCL's offer to the 2004 Prospectus, NPS wrongly ignored a primary and express objective of the Prospectus. Namely, NPS failed to ensure that visitors have an opportunity "to select from a variety of possible tour vessel services in Glacier Bay, reflecting diverse itineraries, program orientation and price." Prospectus at 6 (Attachment 1). In addition, NPS "prefers tour vessel services which… emphasize the natural and cultural attributes of the park". Id. at 8 (Attachment 1). Yet, NPS failed to consider the unique services provided by Glacier Bay Cruiseline where visitors are offered an opportunity to see Glacier Bay from the shore and in small water craft rather

7

than solely from a tour vessel. NPS's actions are in derogation of the express objectives of its own Prospectus.

## VII.  FIRST CLAIM FOR RELIEF

24. Paragraphs 1 through 23 are incorporated by reference as if set in full here.

25. National Park Service's 2004 Glacier Bay Tour Vessel concession Prospectus unlawfully elevated the franchise fee, a statutorily prescribed "subordinate" factor, to a Primary Selection Factor. This action is not in accordance with The National Park Service Concessions Management Improvement Act of 1998, 16 U.S.C. §§ 5951-66 and constitutes a violation of the Administrative Procedure Act, 5 U.S.C. § 706.

## VIII. SECOND CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are incorporated by reference as if set in full here.

27. By improperly attributing violations and infractions of others to GBCL and failing to properly consider and weigh selection factors listed in the Prospectus, NPS's allocation decision was arbitrary, capricious and otherwise not in accordance with the law.

WHEREFORE Plaintiff GBCL respectfully prays that the Court declare the September 2004 Prospectus invalid, declare that NPS wrongly and improperly evaluated GBCL's offer, and enjoin the Defendants from executing and adhering to concession contracts pursuant to said Prospectus and related evaluation process and from otherwise proceeding to issue or award tour vessel entry allocations into Glacier Bay pursuant to such concessions contracts.

Respectfully submitted,

BIRCH, HORTON, BITTNER AND CHEROT


_____
William P. Horn (D.C. Bar No. 375666)
Gretchen L. Gaston (D.C. Bar No. 481587)
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20036
Phone (202) 659-5800
Fax (202) 659-1027
Email: whorn@dc.bhb.com
Email: ggaston@dc.bhb.com

Counsel for Glacier Bay Cruiseline