```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

GLACIER BAY CRUISELINE,            )
                                   )
       Plaintiff,                  )
                                   )
       v.                          ) Civil No. 05-1131 EGS
                                   )
GALE NORTON, SECRETARY,            )
DEPARTMENT OF THE INTERIOR,        )
                                   )
       and                         )
                                   )
FRAN MAINELLA, DIRECTOR,           )
NATIONAL PART SERVICE              )
                                   )
       Defendants.                 )
                                   )
```

**<u>DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants, by and through undersigned counsel, respectfully move to dismiss the Complaint in its entirety because this Court lacks jurisdiction to entertain plaintiff's disappointed bidder contract claim.  In the alternative, pursuant to 28 U.S.C. § 1406(a), defendant moves to transfer this case to the Court of Federal Claims.

In support of this motion, defendants submit the attached

Memorandum of Points and Authorities.  A proposed order is also attached.

                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLACIER BAY CRUISELINE, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 05-1131 EGS |
| GALE NORTON, SECRETARY, DEPARTMENT OF THE INTERIOR, | ) |
| and | ) |
| FRAN MAINELLA, DIRECTOR, NATIONAL PART SERVICE | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**PRELIMINARY STATEMENT**

Plaintiff Glacier Bay Cruiseline holds a concession contract with the National Park Service [NPS] to provide tour vessel services into Alaska's Glacier Bay. In response to an NPS Prospectus issued September 19, 2004, seeking to award concession contracts and allocate tour vessel entries into Glacier Bay over a ten year period, plaintiff submitted a proposal seeking a contract with an allocation of ninety-two entries. Plaintiff was awarded nine.

Plaintiff has sued alleging that NPS issued a Prospectus with an invalid selection factor and improperly evaluated plaintiff's proposal in response to the Prospectus. Plaintiff seeks to enjoin the NPS from "executing and adhering" to concession contracts pursuant to the Prospectus and allocating tour vessel entries into

Glacier Bay pursuant to the Prospectus.

This case is a contract case over which this Court has no jurisdiction. Accordingly, for the reasons set forth below, the case should be dismissed for lack of jurisdiction or transferred to the United States Court of Federal Claims.

**ARGUMENT**

**I.   The Court Lacks Jurisdiction Over Plaintiff's Claims.**

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) requires plaintiff to establish by a preponderance of the evidence that the Court has jurisdiction to entertain its claims. Fed. R. Civ. P. 12(b)(1); Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D.D.C. 2001) (holding that, while the plaintiff has the burden of establishing the Court's jurisdiction, the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.") (citation omitted); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp.2d 15, 18 (D.D.C. 1998) (citations omitted); Darden v. United States, 18 Cl. Ct. 855, 859 (Cl. Ct. 1989) (citation omitted). While the Court must accept as true all the factual allegations contained in the Complaint when reviewing such a motion, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993) (citation omitted), the "plaintiffs' factual allegations in the complaint . . . will bear closer scrutiny in

resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of the Fraternal Order of Police, 185 F. Supp. 2d at 13-14 (quotation omitted). Finally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the Complaint but may consider material outside of the Complaint in an effort to determine whether the Court has jurisdiction. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992) (citations omitted); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Carroll v. England, 321 F. Supp.2d 58, 64 (D.D.C. 2004); Grand Lodge of the Fraternal Order of Police, 185 F. Supp.2d at 14 (citations omitted).

### B. Plaintiff's Contract Claims Belong in the United States Court of Federal Claims.

In United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003), the Supreme Court noted that "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity … together with a claim falling within the terms of the waiver." See also United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")

In this case plaintiff relies on the waiver of sovereign

immunity provided by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq.  It is true that the APA has "broaden[ed] the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by" its provisions.  Bowen v. Massachusetts, 487 U.S. 879, 891-92 (1988).  But the waiver of sovereign immunity under the APA is limited.  See Bowen, 487 U.S. at 904, n.39.  The APA waives sovereign immunity for suits to "set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(a), but only if "there is *no other adequate remedy in a court*..." 5 U.S.C. § 704 (emphasis added).  Bowen, 487 U.S. at 902.

    The Tucker Act, 28 U.S.C. § 1491 et seq. provides an adequate remedy for claims that an agency of the United States has improperly evaluated a bid, issued a contract or breached a contract.  Pursuant to 28 U.S.C. § 1491(a), only "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ." id, when a claim for money damages exceeding $10,000 is at issue.  E.g., Terran v. Secretary of Health and Human Services, 195 F.3d 1302, 1309 (Fed. Cir. 1999).  Because this section applies only to claims seeking money damages from the United States, and the Complaint in this case does not seek damages, the

applicable section of the Tucker Act is 28 U.S.C. § 1491(b).

Plaintiff's claims are premised on a protest of a contract solicitation. Pursuant to the NPS Prospectus, plaintiff submitted a proposal for award of a concession contract and for the allocation of a certain number of tour vessel entries into Glacier Bay and that proposal was accepted only in part. Complaint, ¶¶ 15-16.

The Tucker Act, 28 U.S.C. § 1491(b), previously granted jurisdiction to district courts, concurrent with the United States Court of Federal Claims:

> to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

Id. at § 1491(b)(1) (emphasis added). This jurisdictional grant, however, terminated on January 1, 2001, with the exception of any proceeding pending before a district court on December 31, 2000. Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, §§ 12(d) & 12(e) (1996). As the Court of Federal Claims noted in Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071 (Fed. Cir. 2001), there is no longer . . . APA-based jurisdiction for district courts in government bid protest cases; rather, Congress effectively subsumed APA jurisdiction of the district courts into the more specific language of the ADRA [Administrative Dispute Resolution Act of 1996]."

There is, therefore, no jurisdiction in this Court to hear a suit under the APA if that suit is, essentially, a bid protest in a government contract action in which the plaintiff is attempting to get a contractual benefit from the Government.

As the Complaint shows, the relationship between NPS and plaintiff is purely contractual.  Plaintiff readily admits this fact.  Complaint, ¶ 1.   It is also clear that the gravamen of plaintiff's lawsuit has been brought to acquire a contractual benefit.  Plaintiff claims, and the United States disputes, that the number of tour vessel entries into Glacier Bay allocated to plaintiff under the Prospectus was unfounded.  Complaint, ¶ 1.

Of course, plaintiff has attempted to plead around this problem by not specifically framing the case as a contract dispute, because it prefers to be in this Court.  Other plaintiffs have done the same, and been rebuffed in this Circuit.  In Kidwell v. Department of Army, Bd. for Correction of Military Records, 56 F.3d 279, 284 (D.C. Cir. 1995), the Court of Appeals for this Circuit held that:

> The plain language of a complaint . . . does not necessarily settle the question of Tucker Act jurisdiction. . . .  This is because plaintiffs can bypass Tucker Act jurisdiction by converting complaints which "at their essence" seek [contractual relief] [] from the government into complaints requesting injunctive relief or declaratory actions.  Because this forum shopping circumvents a primary purpose of the Act--to ensure that a central judicial body adjudicates most claims against the United States Treasury, see United States v. Hohri, 482 U.S. 64, 71-73, 107 S. Ct. 2246, 2251-52, 96 L.Ed.2d 51 (1987) (describing goal of uniformity behind creation of Federal Circuit); Vietnam Veterans of America v.

6

>   Secretary of the Navy 843 F.2d 528, 534 (D.C. Cir.1988)
>   (recognizing the Tucker Act's interest in uniformity). . . .
>   To enforce this prohibition on the creative drafting of
>   complaints, we look to the complaint's substance, not merely
>   its form. See, e.g., Amoco Prod. Co. v. Hodel, 815 F.2d 352,
>   361 (5th Cir.1987), *cert. denied,* 487 U.S. 1234, 108 S. Ct.
>   2898, 101 L.Ed.2d 932 (1988).

Id.; see Transohio Savings Bank v. Office of Thrift Supervision, 967 F.2d 598, 613 (D.C. Cir. 1992) (APA jurisdiction to grant declaratory relief in cases where a Tucker Act remedy is available limited to those "few cases where a Claims Court remedy is so inadequate that the plaintiff would not be justly compensated.'").

The fact that the instant contract is a concession contract, as opposed to a contract under which the government procures services by paying for them, is of no significance. The Court of Federal Claims in The Catholic University of America v. The United States, 49 Fed. Cl. 795 (Cl. Ct. 2001), held that the term "procurement" in 28 U.S.C. § 1491(b) must be read

>   not in the limited sense of referring just to the
>   Government's acquisition of supplies or services, but rather
>   as a more general reference to the process by which the
>   Government endeavors to fulfill any of its needs through the
>   mechanics of a solicitation and award.

The Catholic University, 49 Fed. Cl. at 800.

>   NPS concession contracts constitute a:
>
>   . . . form of governmental authorization used to permit
>   persons (concessioners) to provide accommodations,
>   facilities, and services to visitors to areas of the national
>   park system. These services include, for example, lodging,
>   food, merchandising, transportation, outfitting, and guiding,
>   and similar activities.

65 Fed. Reg. 20630 (Apr. 17, 2000). NPS has been awarding and

7

administering concession contracts since 1916.

Initially, this process was carried out under the terms of NPS' enabling statute, 16 U.S.C. § 1. Under this statute, the Secretary had the right to "make and publish such rules and regulations as he may deem necessary or proper for the use" of areas of the national park system. The Secretary also was authorized "to grant privileges, leases, and permits for the use of land for the accommodation of visitors" to areas of the national park system. 16 U.S.C. § 3. Although this provision was repealed and replaced by the Concessions Management Improvement Act of 1998, Pub. L. No. 105-391, the Secretary retains this authority under the new Act. Id. See 16 U.S.C. § 5951 et seq.

In McCarter Riding Stables v. Norton, Civil No. 02-487 (E.D. Tenn. Oct. 15, 2002) (copy attached as Attachment A), the Court considered whether it had jurisdiction over an NPS concession contract for horse trail rides in the Smoky Mountains. The plaintiff's proposal in response to that NPS Prospectus had been rejected and the plaintiff brought suit for declaratory and injunctive relief.

The Court, however, concluded that district courts no longer have jurisdiction to hear contract claims under 28 U.S.C. § 1491(b), as the Court of Federal Claims now has exclusive jurisdiction over government bid protest actions. Id., slip op.

8

at 4.  Court of Federal Claims jurisdiction includes the ability to grant declaratory and injunctive relief.  *Id.*, slip op. at 6, citing 28 U.S.C. § 1491(b)(2).  Thus, the Court transferred the case to the Court of Federal Claims.  *Id.*, slip op. at 6.

The same result is warranted here.  This case should either be transferred to the Court of Federal Claims or dismissed for lack of jurisdiction.

### CONCLUSION

For the foregoing reasons, this action should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1), or in the alternative, transferred to the Court of Federal Claims, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

GLACIER BAY CRUISELINE,              )
                                     )
        Plaintiff,                   )
                                     )
    v.                               ) Civil No. 05-1131 EGS
                                     )
GALE NORTON, SECRETARY,              )
DEPARTMENT OF THE INTERIOR,          )
                                     )
        and                          )
                                     )
FRAN MAINELLA, DIRECTOR,             )
NATIONAL PART SERVICE                )
                                     )
        Defendants.                  )
_____)
```

<u>ORDER</u>

Upon consideration of Defendants' Motion to Dismiss or, in the alternative, to Transfer, of plaintiff's responding opposition, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____day of_____, 2005

ORDERED that Defendants' Motion to Dismiss, or in the alternative, to Transfer be, and it is, granted, and it is further

ORDERED that this case is dismissed.

 

                                                               _____
                                                               UNITED STATES DISTRICT JUDGE

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530


William P. Horn, Esq.
Gretchen L. Gaston, Esq.
Birch, Horton, Bittner & Cherot
1155 Connecticut Ave., N.W., Suite 1200
Washington, D.C. 20036