OCT-16-2002  14:39            US ATTORNEY'S OFFICE                    865 545 4792    P.03/08

FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

OCT 15  12 28 PM '02

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY _DC_ DEP. CLERK

| | |
|---|---|
| McCARTER RIDING STABLES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )    No. 3:02-CV-487 |
| | ) |
| GALE NORTON, Secretary of the | ) |
| United States Department of the | ) |
| Interior, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the motion to dismiss

filed by defendant, Gale Norton, Secretary of the United States Department of the Interior,

[doc. 7]. Plaintiff has submitted a response in opposition to the motion [doc. 9], and

defendant has filed a reply [doc. 11]. On September 9, 2002, the court held a hearing on

plaintiff's request for a temporary restraining order. At the hearing, counsel for defendant

argued that this court lacks subject matter jurisdiction over this case. The court ordered the

parties to brief the issue of jurisdiction [doc. 6]. Defendant filed the pending motion to

dismiss which is brought pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter

jurisdiction.

14

ATTACHMENT A
CIVIL NO. 05 - 1131

# I.

## *Factual Background*

Plaintiff filed a complaint for declaratory judgment and injunctive relief and in it alleged jurisdiction in this court based on 5 U.S.C. § 702 *et seq.* [Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, ("APA")]. According to the complaint, plaintiff has offered guided horse trail rides in the Smoky Mountains since 1931 and has been a concessionaire for the National Park Service in the Great Smoky Mountains National Park since 1959. The National Park Service issued a prospectus on October 23, 2001, for a concession contract which included the services plaintiff has continuously provided under contract since 1962. Plaintiff submitted a proposal for the contract but was notified by letter dated June 12, 2002, that it had not been selected. Plaintiff seeks declaratory and injunctive relief regarding its alleged status as a preferred offeror and right to match the terms and conditions fo the accepted proposal.

# II.

## *Analysis*

### A. Little Tucker Act Jurisdiction

At the hearing on plaintiff's request for a temporary restraining order, defendant argued that this court does not have jurisdiction because the Court of Federal Claims now has exclusive jurisdiction over government contract bid protest cases, and this

. 2

is the basis for defendant's motion to dismiss. In response to the motion, plaintiff switched from relying on jurisdiction under the APA to claiming that this court has jurisdiction under Little Tucker Act, 28 U.S.C. § 1346, and under 28 U.S.C. § 1331. The court does not agree.

This court no longer has jurisdiction to hear government bid protest cases. *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071 (Fed.Cir. 2001). "[I]t is clear that the Court of Federal Claims is the only judicial forum to bring any government contract procurement protest. *Id.* at 1080 (citing *Novell, Inc. v. United States*, 109 F.Supp.2d 22, 24-25 (D.D.C. 2000) ("[T]here is no longer . . . APA-based jurisdiction for the district courts in government bid protest cases; rather Congress effectively subsumed APA jurisdiction of the district courts into the more specific jurisdictional language of the ADRA [Administrative Dispute Resolution Act of 1996])). Plaintiff's claim is clearly a protest concerning how the concession contract for horseback riding in the Great Smoky Mountains Nation Park was awarded.

The Tucker Act, 28 U.S.C. § 1491 *et seq.*, addresses jurisdiction for claims against the United States in the Court of Federal Claims. Section 1491(a)(1) of the Tucker Act extends jurisdiction to the Court of Federal Claims for claims against the United States for money damages only. Jurisdiction under this provision must be strictly construed and does not create an enforceable substantive right against the United States for monetary damages. *Alaska Central Express, Inc. v. United States*, 50 Fed.Cl. 510 (Fed.Cl. 2001).

Section 1491(b)(1), the 1996 ADRA amendments, authorizes both the district

· 3

court and the Court of Federal Claims to hear government bid protest actions. However, the

sunset provision in the 1996 statute terminated district court jurisdiction over bid protest

actions in 2001. *Emery Worldwide*, 264 F.3d at 1079. Thus, the Court of Federal Claims has

exclusive jurisdiction to hear such claims.

Apparently recognizing this fact, plaintiff shifted its position, and in the

response to the motion to dismiss, it claims that this court has jurisdiction under the Little

Tucker Act, 28 U.S.C. § 1346. The Little Tucker Act provides in pertinent part:

> (a)    The district courts shall have original
>         jurisdiction, concurrent with the United
>         States Court of Federal Claims, of:
>
>    . . .
>
> (2)    Any other civil action or claim against the
>        United States, not exceeding $10,000 in
>        amount, founded either upon the
>        Constitution, or any Act of Congress . . . in
>        cases not sounding in tort. . . .
>        28 U.S.C. § 1346(a)(2) (1994).

*Litzenberger v. United States*, 89 F.3d 818, 820 (Fed.Cir. 1996).

The Tucker Act, including the Little Tucker Act, waives the sovereign

immunity of the United States for the types of claims described in the Act. *United States v.*

*Mitchell*, 463 U.S. 206, 215, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983). However, the

Little Tucker Act "does not create any substantive right enforceable against the United States

for money damages." *Litzenberger*, 89 F.3d at 820. "[F]or a claim to be based on the Little

Tucker Act, it must be founded on a provision that can fairly be interpreted as mandating

4

compensation from the United States." *Id.* (citations omitted). "What this means is that a

Tucker Act plaintiff must assert a claim under a separate money-mandating constitutional

provision, statute, or regulation, the violation of which supports a claim for damages against

the United States." *James* v. Caldera, 159 F.3d 573, 580 (Fed.Cir. 1998) (citing *Holley v.*

*United States*, 124 F.3d 1462, 1465 (Fed.Cir. 1997); *Adkins v. United States*, 68 F.3d 1317,

1321 (Fed.Cir. 1995)).

Plaintiff has repeatedly stated in the complaint and in its response to

defendant's motion to dismiss that it is not seeking monetary damages. As set out above,

jurisdiction under the Little Tucker Act requires a monetary claim against the United States

not exceeding $10,000 and recitation of a substantive right to such monetary damages based

on a specific constitutional, statutory, or regulatory source. No such showing is made here.

Plaintiff has failed to make the requisite showing to establish jurisdiction in this court based

on the Little Tucker Act.

### B. 28 U.S.C. § 1331 Jurisdiction

Plaintiff also contends that this court has jurisdiction based on 28 U.S.C. §

1331. Section 1331 conveys a general grant of federal question jurisdiction to district courts.

but it "'does not by its own terms waive sovereign immunity and vest in district courts

plenary jurisdiction' over claims for money judgments against the United States.'" *Reed v.*

*Reno*, 146 F.3d 392, 397 (6th Cir. 1998) (quoting *Sibley v. Ball*, 924 F.2d 25, 28 (1st Cir.),

OCT-16-2002  14:40          US ATTORNEY'S OFFICE                    865 545 4792     P.08/08

*aff'd upon transfer,* 944 F.2d 913 (Fed.Cir. 1991)). Without more, i.e. a specific waiver of

sovereign immunity, § 1331 does not convey jurisdiction on this court.

Jurisdiction for plaintiff's claims falls under § 1491(b)(1) of the Tucker Act.

The Court of Federal Claims can provide the type of relief sought by plaintiff, specifically

declaratory and injunctive relief. 28 U.S.C. § 1491(b)(2). Therefore, the court finds that it

does not have jurisdiction to hear this case and that defendant's motion is well taken to that

extent. However, rather than dismissing this action, the court finds that transferring it to the

Court of Federal Claims is appropriate. 28 U.S.C. § 1631; *Sosa v. Secretary, Dept. of

Defense,* No. 02-5488, 2002 WL 31119700, at *2 (6th Cir. Sept. 24, 2002).

ENTER:

Leon Jordan
United States District Judge

6

TOTAL P.08

OCT-16-2002  14:39          US ATTORNEY'S OFFICE                    865 545 4792     P.02/08

FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE  OCT 15 12 28 PM '02
KNOXVILLE DIVISION

U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY ___ DEP. CLERK

McCARTER RIDING STABLES, INC., )
)
Plaintiff, )
)
)
v. )     No. 3:02-CV-487
)
GALE NORTON, Secretary of the )
United States Department of the )
Interior, )
)
Defendant. )

## ORDER

For the reasons stated in the memorandum opinion filed contemporaneously with this order, the motion to dismiss filed by defendant [doc. 7] is **GRANTED IN PART** and **DENIED IN PART**. This court lacks a subject matter jurisdiction over plaintiff's claims, and the motion is granted to that extent. The motion is denied to the extent that it seeks dismissal of the case. It is hereby **ORDERED** that this civil action is **TRANSFERRED** to the Court of Federal Claims.

IT IS SO ORDERED.

ENTER:

ENTERED AS A JUDGMENT

PATRICIA L. McNUTT, CLERK
BY_____
DEP. CLERK

_____
Leon Jordan
United States District Judge
Date   10/15/02
Order Book 191 Page 22