UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLACIER BAY CRUISELINE**, <br><br> Plaintiff, <br><br> v. <br><br> **GALE NORTON, SECRETARY OF THE INTERIOR** <br><br> and <br><br> **FRAN MAINELLA, DIRECTOR OF THE NATIONAL PARK SERVICE** <br><br> Defendants. | Case No. 05-1131 (EGS) |

**PLAINTIFF GLACIER BAY CRUISELINE'S <u>OPPOSITION</u>
TO THE FEDERAL DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, TO TRANSFER</u>**

Plaintiff Glacier Bay Cruiseline ("GBC") hereby opposes *Defendants' Motion to Dismiss or, in the Alternative, to Transfer* ("Motion to Dismiss"). Federal Defendants try to contort Plaintiff's procedural challenge to the National Park Service's ("NPS" or "Agency") Prospectus ("Glacier Bay Prospectus") for tour vessel services in Glacier Bay, appropriately filed in this Court under 28 U.S.C. §1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, into a government contract bid protest action, which Federal Defendants assert must be filed in the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491 *et seq.* However, the Tucker Act governs procurement contracts and, as demonstrated below, Congress, the Supreme Court, the Court of Federal Claims, the General Accounting Office ("GAO"), and even the Federal Defendants themselves, have all concluded that NPS concessions contracts

are <u>not</u> procurement contracts subject to the Tucker Act and, therefore, this Court has jurisdiction to decide this case under 28 U.S.C. § 1331 and the APA. Accordingly, Federal Defendants' Motion to Dismiss is without merit and should be denied.

## **ARGUMENT**

### I. District Court Jurisdiction Is Appropriate

The jurisdiction of this Court is proper in the present case. To establish jurisdiction, the Plaintiff must establish that the District Court has subject matter jurisdiction over the issues raised by the suit and that the United States has waived its immunity. <u>American Airlines, Inc. v. Austin</u>, 778 F. Supp. 72, 74 (D.D.C. 1991), citing 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Jurisdiction 2d § 3654 (1985).

Here, Plaintiff asserts jurisdiction under 28 U.S.C. §1331. The District Court has original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff alleges that the Federal Defendants violated a federal statute -- the National Park Services Concessions Management Improvement Act of 1998, 16 U.S.C. §§5951-66, Pub. L. No. 105-391 ("1998 Concessions Act") -- by illegally elevating the amount of the franchise fee to a primary selection factor in the Prospectus for the award and reallocation of tour vessel entry permits for the next 10 years into Glacier Bay in Alaska. Plaintiff also asserts that the NPS acted arbitrary and capriciously under the APA by failing to properly consider GBC's bid proposal submitted in response to the challenged Glacier Bay Prospectus. Thus, Plaintiff satisfies the jurisdictional requirement under 28 U.S.C. § 1331.

Additionally, the APA grants a waiver of sovereign immunity in actions seeking to "set aside agency action…found to be arbitrary, capricious, or otherwise not in

accordance with law", 5 U.S.C. §706(a), but only in actions "seeking relief *other than money damages*". 5 U.S.C. § 702 (emphasis added). In the present case, the Plaintiff asserts that the Agency acted arbitrarily and capriciously when it failed to properly consider Plaintiff's proposal and included an invalid selection factor in the Glacier Bay Prospectus. Plaintiff is seeking to have the flawed Prospectus set aside and to compel the NPS to conduct its solicitation and evaluation process in accordance with the terms of the 1998 Concessions Act and the Agency's own Prospectus in considering and evaluating the bid proposals to provide visitor tour boat services in Glacier Bay. Compl. at 8**.** Despite Defendants' assertions to the contrary, Plaintiff does not seek the award of additional tour vessel entry permits nor does Plaintiff seek monetary damages based on its present concessions contract.[1] Therefore, the Federal Defendants' sovereign immunity is waived under the APA.

In sum, this challenge is properly before this Court under 28 U.S.C. § 1331 and the APA. Accordingly, Federal Defendants' Motion to Dismiss should be denied.

## II. The Tucker Act Does Not Preclude This Court's Jurisdiction

Defendants erroneously assert that this case falls under the Tucker Act and that, as a result, only the Court of Federal Claims has jurisdiction over Plaintiff's claims. The Tucker Act provides subject matter jurisdiction to the Court of Federal Claims for suits "against United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with

---

[1] The fact that Plaintiff states that the number of vessel entry permits held by the Plaintiff was reduced from 92 to 9 was to demonstrate sufficient injury in order to establish standing. It does not mean, contrary to Defendants' allegations, that Plaintiff is requesting a specific number of entry permits as a form of contractual relief.

the United States". 28 U.S.C. §1491 (a)(1). To bring a claim under this section of the Tucker Act the amount of monetary relief sought must exceed $10,000. See e.g., Kanemoto v. Reno, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act also grants concurrent jurisdcition[2] the District Court and the United States Court of Federal Claims to "render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids…for a proposed contract or to a proposed award or the award of a contract…*in connection with a procurement or proposed procurement*". 28 U.S.C. §1491 (b)(1) (emphasis added). The Federal Defendants fail to demonstrate jurisdiction under either provision.

First, the Federal Defendants' cannot establish jurisdiction under Section 1491(b) because a concessions contract is not a "contract . . . in connection with a procurement." 48 U.S.C. § 1491(b)(1). Federal Defendants erroneously try to frame the Plaintiff's claim as a government contract bid protest action in order to bring this case under the Tucker Act. As demonstrated below, Congress, the United States Supreme Court, the Federal Court of Claims, the GAO, and even Federal Defendants have concluded that the Tucker Act does not apply to concessions contracts.

Congress in the 1998 Concession Act authorizes the Secretary of the Interior to promulgate the regulations "necessary and appropriate for public use and enjoyment of

---

[2] Defendants claim that Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, terminated District Court's jurisdiction to review bid protest actions. Def. Mot. to Dismiss at 5. This jurisdictional question was and still remains subject to great controversy among scholars and the Courts. See e.g., Iceland Steamship Co. v. United States Dep't of the Army, 201 F. 3d 451 (D.C.Cir. 2000); Novell, Inc. v. US, 109 F. Supp. 2d 22 (D.D.C. 2000); Peter Verchinski, *Are District Courts Still a Viable Forum for Bid Protests?* 32 Pub. Cont. L.J. 393 (2003). However, as of 2005 28 U.S.C. §1491 (b)(1) still grants concurrent jurisdiction to the District Court and the Court of Federal Claims to review bid protest disputes. Here, it is unnecessary for this Court to consider this controversial question because the present claim is not subject to the Tucker Act.

the National Park System". 16 U.S.C. § 5951. The 1998 Concession Act further authorizes the Secretary to grant permission to a person, corporation or other entity "to provide accommodations, facilities, and services to visitors". 16 U.S.C. § 5952. Under the 1998 Concession Act, concessions contracts are not to be construed as procurement contracts for purposes of the Tucker Act. Indeed, both the House of Representatives and the Senate specifically directed the Secretary of the Interior to promulgate the implementing regulations of the Act so as to not include a cross reference to any other federal contracts or procurement statutes, regulations, or policies. S. Rep No. 105-202 § 415 at 39 (1998); H.R. Rep. No. 105-767 § 417 at 43 (1998). Further, Congress also described the express intent of this provision to mean that the "Secretary's regulations are the governing requirements for concessions contracts and that such contracts do not constitute contracts for the procurement of goods and services for the benefit of the government or otherwise." Id. NPS regulations promulgated in 2000 similarly prescribe that "concession contracts are not contracts within the meaning of… statutes, regulations or policies that apply only to federal service contracts or other types of federal procurement actions." 36 C.F.R. § 51.3 (2000).

Courts have affirmed such legislative intent and have held that "concessions contracts are *not*… service and procurement contracts within the meaning of statutes, regulations or policies". National Park Hospitality Association v. Department of the Interior, 538 U.S. 803, 806 (2003)(emphasis added); Frazier v. United States, 67 Fed. Cl. 56, 59 (2005); YRT Servs. Corp v. United States, 28 Fed. Cl. 366, 392 n. 23 (1993)(Court of Federal Claims found that the nature of the concessions contract is entirely different from that of the procurement contract -- concessions contract simply being a grant to operate a

5

business). Specifically, courts have noted that where, as here, the NPS simply grants the Plaintiff a permit to operate tour vessels and there is no commitment from the government to pay funds or incur monetary liability such arrangement is not "a procurement". Frazier, 67 Fed.Cl. at 59 (2005).

Similarly, the GAO also has affirmed that a concessions contract is not a procurement contract subject to Tucker Act jurisdiction. In responding to a previous protest involving the award of concessions permits for cruiseship entries into Glacier Bay, the GAO concluded that such protest did not concern procurement by a federal agency of property or services within the scope of bid protest. "Even though the concession grant is mission related, the essence of the transaction is not the acquisition of goods or services, but the grant, for a fee, of certain access rights to private contractors". Crystal Cruises, Inc., No. B-238,347, 1990 WL 277630, at *1 (Comp. Gen Feb 1, 1990), aff'd on recon., B-238,347.2, 1990 WL 278100 (Comp. Gen. June 14, 1990). See also, John C. Lozinyak, No. B-211, 923, 1983 WL 35750, at *1 (Comp. Gen. Sept. 7, 1983) (permit to deliver pizza in park not a procurement because "[m]aking food and beverage service available to visitors does not provide [an] important direct benefit to the Government"). In fact, no court of administrative board has embraced the proposition that *every* NPS concession contract and concession permit constitutes procurement simply because it advances the Service's general interest in providing for the enjoyment of the parks.

Even the Federal Defendants themselves, in a previous GAO matter, argued that a concession contract does not constitute a procurement contract. See U.S. Department of the Interior Response, Starfleet Marine Transportation, Inc., B-290181, May 3, 2002 ("DOI Resp.")(Exhibit 1). In that action, the Department argued that any effort to treat

concessions contracts like standard federal procurement contracts was a gross misunderstanding of the NPS mission. DOI Resp. at 3. Defendants subsequently argued that although the NPS may authorize businesses to provide "necessary and appropriate" services to visitors, "the NPS is not <u>required</u> to provide such services". DOI Resp. at 4 (emphasis in the original). In fact, the "primary purpose of concessions contracts is to permit visitors to enjoy national parks in a manner consistent with preservation of the parks". 16 U.S.C. §5951. Federal Defendants' position in the present case is especially astonishing considering that they do an about face and simply ignore their previous legal position as well as the long list of authorities supporting their previous position.

In sum, as evidenced by the 1998 Concessions Act and its express legislative history, the Agency's own regulations, well-settled case law, and GAO decisions, the concession contract at issue here is by no stretch a "procurement contract". The NPS is not paying anything of value to the concessioner. The NPS is not acting as commercial buyer of anything. The NPS is not using appropriated funds, and it is not acquiring goods or services. The services to be provided are for the benefit of visitors of Glacier Bay National Park and Preserve. The concessioner is paying the NPS for a privilege or license to have access to property owned and controlled by the federal government.

The Federal Defendants' reliance on <u>McCarter Riding Stables v. Norton</u>, Civil No. 02-487 (E.D. Tenn. Oct. 15, 2002)(Defendants' Attachment 1), is inapposite. In <u>McCarter</u>, the Eastern District of Tennessee transferred a claim brought by a disappointed bidder alleging rights to match the best bid as the preferred offeror on a NPS concession contract to the Court of Federal Claims, concluding that the claim was governed under the Tucker Act. Id. at 2. The government defendants in that case successfully moved to

7

dismiss the plaintiff's action claiming that the district court lacked subject matter jurisdiction because the Tucker Act awarded exclusive jurisdiction to the Court of Federal Claims over government contract bid protest cases.

McCarter is readily distinguishable for two primary reasons. First, the plaintiff in that case failed to assert any argument or authority that the Tucker Act does not apply to concessions contracts. Second, the plaintiff completely switched its basis for jurisdiction from 28 U.S.C. § 1331 and the APA (asserted by GBC here), to jurisdiction under the Little Tucker Act, 28 U.S.C. §1346. The Little Tucker Act gives concurrent jurisdiction to the Court of Federal Claims and the District Court over the claims not exceeding $10,000 in monetary damages. Accordingly, McCarter is not determinative here. In sum, Plaintiff's claims do not fall under Section 1491(b) and, therefore, should not be dismissed or transferred from this Court for lack of jurisdiction.

Nor do Plaintiff's claims fall under Section 1491(a) of the Tucker Act. Although the Federal Defendants expressly recognize that Section 1491(a) does not apply, they argue that Plaintiff sculpted the language of its Complaint to hide the "fact" that it really seeks contractual relief and monetary damages. Def. Mot. to Dismiss at 6. Since that argument has no bearing on jurisdiction under Section 1491(b) of the Tucker Act, it appears that the Federal Defendants also attempt to bring the instant action under §1491(a) in contradiction to their previous assertions.

To the extent the Federal Defendants assert jurisdiction under Section 1491(a), the Plaintiff's Complaint clearly establishes that the Plaintiff does not seek any monetary relief here. As plainly set forth in the Complaint, Plaintiff seeks only injunctive an declaratory relief. Specifically, Plaintiff wants the NPS to adhere to the 1998

8

Concessions Act and the terms of the Agency's Prospectus in considering an evaluating the bid proposals to provide visitor tour boat services in Glacier Bay. Plaintiff is persuaded that a Prospectus process conducted in accordance with the law and not conducted arbitrarily and capriciously will satisfy its concerns raised in the Complaint.

Further, the Federal Defendants' reliance on <u>Kidwell v. Department of Army, Bd. for Correction of Military Records</u>, 56 F. 3d 279 (D.C. Cir. 1995), in attempt to establish that the Plaintiff crafted its Complaint to hide the fact that it really seeks contractual remedies and monetary relief is unconvincing, at best. In fact, <u>Kidwell</u> involved an express claim for monetary relief. <u>Kidwell</u>, 56 F. 3d at 286. Moreover, the court in <u>Kidwell</u> concluded that the Tucker Act did <u>not</u> give exclusive subject matter jurisdiction to the Court of Federal Claims when the value of injunctive and declaratory relief had substantial weight regardless of any other benefit. <u>Kidwell</u>, 56 F. 3d at 284, citing <u>Francis E. Heydt Co. v. US</u>, 948 F. 2d 672, 677 (10th Cir. 1991). Clearly, <u>Kidwell</u> is not determinative.

Because the Federal Defendants do not demonstrate that Plaintiff's claims fall under Section 1491(a), the Tucker Act does not apply and this case is properly before this Court.

## **CONCLUSION**

The Federal Defendants' claim that this Court does not have subject matter jurisdiction over the present case because Tucker Act vests exclusive jurisdiction over the concessions contract in the Court of Federal Claims is wholly without merit. The Federal Defendants misconstrue one pivotal fact the Tucker Act applies to the bid protest cases of procurement contracts and that a concessions contract is not a procurement contract.

Furthermore, Plaintiff seeks solely injunctive and declaratory judgment. Thus, the jurisdiction of the District Court is proper under 28 U.S.C. §1331 and the APA.

Respectfully submitted,

BIRCH, HORTON, BITTNER AND CHEROT

/s/

_____

William P. Horn (D.C. Bar No. 375666)
1155 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20036
Phone (202) 659-5800
Fax (202) 659-1027
Email: whorn@dc.bhb.com

Counsel for Plaintiff Glacier Bay Cruiseline