UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLACIER BAY CRUISELINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-1131 EGS |
| | ) |
| GALE NORTON, SECRETARY, | ) |
| DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| and | ) |
| | ) |
| FRAN MAINELLA, DIRECTOR, | ) |
| NATIONAL PART SERVICE | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**PRELIMINARY STATEMENT**

In this case brought to challenge the National Park Service's [NPS] evaluation of plaintiff's contract proposal submitted in response to an NPS Prospectus seeking to award concession contracts that would allocate tour vessel entries into Glacier Bay, defendants have moved to dismiss for lack of jurisdiction because plaintiff's contract claims properly belong in the Court of Federal Claims.  Defendants demonstrated that the Administrative Procedure Act [APA], 5 U.S.C. 701 et seq., is inapplicable, because the waiver of sovereign immunity contained therein does not operate when there is some other adequate remedy in court.  Here, pursuant to the Tucker Act, 28 U.S.C. 1491(b), plaintiff can, and should, bring his contract dispute to the Court

of Federal Claims.

Plaintiff responds that the Tucker Act is inapplicable because this case is not about a contract claim but raises a claim that NPS violated a statute -- the National Park Service Concessions Management Improvement Act of 1998, 16 U.S.C. §§ 5951-66, Pub. L. No. 105-391 [the 1998 Concessions Act] -- in connection with the selection factors listed in its Prospectus. Plaintiff also argues that even if this case is about a contract claim, the Tucker Act only applies to procurement contracts and NPS concession contracts are not procurement contracts.

Plaintiff is wrong on both counts.  This case is clearly brought because plaintiff disagrees with the evaluation of its proposal submitted in response to a government solicitation. Although plaintiff may be arguing that defendants violated the 1998 Concessions Act, the alleged violation is directly tied to plaintiff's proposal, which it claims was wrongly evaluated.  This case is a contract solicitation protest no matter how plaintiff tries to package it differently.

Second, plaintiff cites no case that holds that the Tucker Act applies only to contracts in which the government pays for goods and services received, which is the definition of a "procurement contract."  Rather, the Tucker Act applies more broadly, thereby fulfilling Congress' intent that government contract claims, with small exceptions, be heard by the Court of

Federal Claims.

Accordingly, for the reasons set forth in defendants' prior memorandum [Defendants' Mem.], and for those set forth below, defendants submit that their motion to dismiss or, in the alternative, to transfer, should be granted.

<u>ARGUMENT</u>

Plaintiff does not dispute the fact that its relationship to NPS is purely contractual.  <u>Compare</u> Defendants' Mem. at 6 <u>with</u> Plaintiff's Opp. <u>generally</u>.   Plaintiff also admits that this suit challenges the NPS's evaluation of plaintiff's proposal, which was submitted in order to gain a concession contract with an allocation of sufficient tour vessel entries into Glacier Bay. Plaintiff's Opp. at 2.   Nonetheless, plaintiff tries to ignore the contractual nature of its claim by arguing that this suit has been brought to challenge the NPS's application of the 1998 Concessions Act, as applied to the 2004 NPS Prospectus seeking to award concession contracts that would contain an allocation of tour vessel entries into Glacier Bay.   <u>Id</u>.

Plaintiff's allegations of a violation of law do not exist in a vacuum; rather, they flow directly from, and are inseparable from, plaintiff's contractual attempt to receive a higher number of tour vessel entries into Glacier Bay than allocated to plaintiff by NPS.  To say that this is not a contract case involving a contract solicitation dispute is to ignore the only

3

tie between the parties and the only interaction between them that forms the basis of the Complaint.

As defendants pointed out in their prior memorandum, plaintiff cannot alter the nature of its case through artful pleading. Defendants' Mem. at 6-7. The fact that plaintiff does not specify the number of tour vessel entries it seeks in its Complaint is irrelevant because that number was specified in its proposal, and plaintiff claims that that proposal was improperly evaluated. Complaint, ¶ 17. The contract basis of this case is inescapable.

Defendants expressly assert that Section 1491(b) of the Tucker Act applies to plaintiff's claims.[1] Defendants' Mem. at 4-5. However, under the express terms of that section, jurisdiction over plaintiff's claims no longer lies in the District Court. Rather, since 2001 the Court of Claims has sole jurisdiction over plaintiff's contract solicitation protest claims.[2] Defendants'

_____

[1] Plaintiff argues that defendants assert jurisdiction over plaintiff's claims properly lies under Section 1491(a) of the Tucker Act. Plaintiff's Opp. at 8. On the contrary, defendants could not have been clearer in their prior memorandum that Section 1491(a) does not apply because the Complaint does not seek money damages. Id. at 4. Plaintiff admits as much when stating that defendants "expressly recognize that Section 1491(a) does not apply. . . ." Plaintiff's Opp. at 8. Thus, plaintiff's argument that Section 1491(a) of the Tucker Act does not apply is beside the point, to say the least.

[2] As defendant explained previously, the District Court's concurrent jurisdiction under Section 1491(b)(1) has terminated.
(continued...)

Mem. at 5-6.

Plaintiff first argues that Section 1491(b) applies only to procurement contracts, and NPS concession contracts are not procurement contracts.  Plaintiff's Opp. at 4-7.  While defendants agree that concession contracts are not procurement contracts as that term is defined by, <u>inter alia</u>, the Contract Disputes Act, 41 U.S.C. § 601 <u>et seq</u>.,[3] Section 1491(b) is not limited to procurement contracts.  Indeed, plaintiff conveniently quotes from Section 1491(b) by leaving out words to suggest that the reference to the word "contract" in that section can refer only to a procurement contract.  <u>See</u> Plaintiff's Opp. at 4.  In fact, the pertinent language of Section 1491(b)(1) states that the Court of Claims has jurisdiction:

_____

[2](...continued)
<u>See</u> Defendants' Mem. at 5.  Although plaintiff argues that this fact has been called into question, <u>see</u> Plaintiff's Opp. at 4 n.2, plaintiff fails to cite any case holding that District Courts continue to have concurrent jurisdiction with the Court of Federal Claims under Section 1491(b)(1).  By contrast, the Court of Federal Claims has held that "district court jurisdiction under 28 U.S.C. § 1491(b) terminated on January 1, 2001."  <u>The Catholic University of America</u> v. <u>United States</u>, 49 Fed. Cl. 795, 800 n.1 (Cl. Ct. 2001).

[3] Procurement contracts are contracts for which the government bargains for, and pays for, and receives goods and services.  <u>See</u> 41 U.S.C. § 602(a)(2); <u>Amfac Resorts, L.L.C.</u> v. <u>Department of the Interior</u>, 282 F.3d 818, 834-35 (D.C. Cir. 2002), <u>vacated on other grounds</u>,538 U.S. 803 (2003) (holding that concession contracts are not contracts for the procurement of goods or services for the government).  <u>See also</u>, 36 C.F.R. § 51.3.  By contrast, NPS concession contracts authorize concessioners to provide services to park area visitors.  <u>Amfac</u>, 282 F.3d at 835.

> to render judgment on an action by an interested party
> objecting to a solicitation by a Federal agency for bids or
> proposals for a proposed contract or to a proposed award or
> the award of a contract or any alleged violation of statute
> or regulation in connection with a procurement or a proposed
> procurement.

Id. at § 1491(b)(1).

In their opening brief defendants cited to The Catholic
University of America v. The United States, 49 Fed. Cl. 795 (Cl.
Ct. 2001), in which the Court of Federal Claims held that the term
"procurement" as used in Section 1491(b) is not limited to a
government procurement involving the acquisition of supplies or
services.  Rather, the Court held that Section 1491(b) is to be
read more broadly, incorporating  "a general reference to the
process by which the Government endeavors to fulfill any of its
needs through the mechanics of solicitation and award."  The
Catholic University, 49 Fed. Cl. at 800.  Defendants then
demonstrated that the award of NPS concession contracts are
governed by a selection process using the mechanics of
solicitations and awards to provide necessary and appropriate
services to park visitors.  Defendants' Mem. at 7-8.

Tellingly, plaintiff offers **no** response to this argument and
completely ignores the Court of Claims' interpretation of Section
1491(b) as it applies to contracts.  See Plaintiff's Opp.
generally.  And plaintiff fails to cite a single case to support
its interpretation of Section 1491(b) as being limited solely to
procurement contracts that involve the government's acquisition of

supplies or services.  <u>See</u> Plaintiff's Opp. at 4.  This stance is fatal in the face of the unchallenged Court of Federal Claims' decision in <u>The Catholic University</u> case.

Thus, plaintiff's extended argument that NPS concession contracts are not procurement contracts, an argument with which defendant agrees, misses the point, because Section 1491(b) of the Tucker Act is not limited to contracts for the procurement of goods and services for the government.  Rather, Section 1491(b) applies more broadly to government contracts and comfortably encompasses the NPS Prospectus at issue here.  Consequently, this case belongs in the Court of Federal Claims.

<u>**CONCLUSION**</u>

For the foregoing reasons, this action should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1), or in the

7

alternative, transferred to the Court of Federal Claims, pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226